# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

Joseph A. Brooks

(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

STATE OF NEW YORK, NEW YORK STATE POLICE, STATE TROOPER TIMOTHY FINNEGAN, INVESTIGATORS TIMOTHY P. GOULD, & JAMES WOLLMAN, AND OTHER NEW YORK STATE POLICE EMPLOYEES, IN THEIR OFFICIAL AND INDIVIDUAL CAPACITIES

(List the full name(s) of the defendant(s)/respondent(s).)

_____CV__________( _____) ( _____)

Application for the Court to Request Pro Bono Counsel

I ask the Court to request a pro bono attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   [X] I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   [ ] I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   [ ] I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro bono counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

Mr. Brooks needs The Court to understand some fundamental facts regarding his ability to realistically represent himself in this matter. He has sued a number of state actors. Therefore, a man with serious mental illness and learning disabilities would be litigating against the Attorney Generals' office. Such a "David vs. Goliath" scenario would leave Mr. Brooks handicapped in any legitimate attempt to litigate his claims. I believe the following are relevant as to why counsel needs to be appointed for Mr. Brooks. Mr. Brooks has a history of serious mental illness recurrent major depressive disorder (mild), PTSD, and anxiety disorder. Mr. Brooks also is diagnosed with learning disabilities, this started at age 2, when he was evaluated at

Boston Children's hospital as severely affected by attention deficit hyperactivity disorder. It cannot be logically or clinically reconciled that an individual with such disorders would ever be in a position to litigate a case in a federal court sans counsel. The court should not equate his bringing forth these claims with his ability to understand the statutes associated with these claims or the ability to coherently litigate them. Mr. Brooks is an intelligent individual. However, his ability to organize his thoughts is challenged and is a major manifestation of his illnesses.

Mr. Brooks received a GED while incarcerated in the NH state prison for men, although readily admits that he cannot read or write well. He is unable to read an analog clock, read cursive writing or complete many math calculations despite his 8th grade education and state issued GED. Mr. Brooks is functionally illiterate in a courtroom.

These claims are deeply personal to Mr. Brooks. An adversarial proceeding would be an intellectual dynamic that would challenge his ability to regulate his emotions and remain focused on issues before the court. He would have no ability to coherently argue his claims.

This is a pro se petition from a seriously disabled individual. To not appoint counsel would nullify the very essence of being an indigent pro se petitioner. The courts need to be accessed by all, including vulnerable individuals. It may also impact Mr. Brooks's ability to appeal.

He is considered indigent. He has no ability to retain counsel independently.

Denial of counsel for Mr. Brooks is a guaranteed denial of justice. Therefore, I respectfully request that the court take this matter under consideration.

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

We have for almost 3 years searched for attorneys, and have contacted multitudes of lawyers. We have searched for nearly 3 years, on websites, through legal directories in Westchester County. We have contacted the ACLU, the NY Bar, Pro Bono project and the Police accountability project. Joseph's public defender has tried to assist in locating a civil rights attorney. Even Friends in the New York area have tried to assist in locating a lawyer who would work on the case on a contingency fee basis. I have emails from many attorneys declining.

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: ________________________________.

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive pro bono counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

| | |
|---|---|
| 7/23/2022 | Joseph A Brooks |
| Date | Signature |
| Brooks, Joseph, A | |
| Name (Last, First, MI) | Prison Identification # (if incarcerated) |

| | | | |
|---|---|---|---|
| 1137 Meaderboro Rd | Farmington | NH | 03835 |
| Address | City | State | Zip Code |

| | |
|---|---|
| 603-923-2793 | nh_cherokee@yahoo.com |
| Telephone Number | E-mail Address (if available) |