UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
JOSEPH A. BROOKS,

                Plaintiff,

    - against -

STATE OF NEW YORK ET AL.,

                Defendants.
--------------------------------------------------------------X

22-CV-6283 (VB)

**DEFENDANTS' ANSWER TO THE COMPLAINT**

**JURY TRIAL DEMANDED**

Defendants Timothy Finnegan, James Wollman, and Timothy Gould ("Defendants"), by their attorney, LETITIA JAMES, Attorney General of the State of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows[1]:

<u>Preliminary Statement</u>

Deny the allegations set forth in the preliminary statement, except as to the conclusions of law to which no response is required.

1. Deny the allegations set forth in paragraph 1 of the complaint, except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

2. Deny the allegations set forth in paragraph 2 of the complaint, except admit that Plaintiff purports to seek relief as stated therein.

3. Deny the allegations set forth in paragraph 3 of the complaint, except admit that Plaintiff purports to base venue as stated therein.

---

[1] Defendants have been unable to intelligently answer many of Plaintiff's accusations as, to date, despite multiple requests from the Attorney General's office, he has refused to furnish the following: an unsealing order pursuant New York Penal Law § 160.50 related to the arrest and criminal case referenced in his complaint, a HIPAA release for medical records and/or any other relevant releases otherwise.

4.  Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 4 of the complaint.

5.  Deny the allegations set forth in paragraph 5 of the complaint, except admit that on or about July 26, 2019, Defendant Finnegan was employed by New York State as a member of the State Police and that plaintiff purports to proceed as set forth therein.[2]

6.  Deny the allegations set forth in paragraph 6 of the complaint, except admit that Defendant Wollman is employed by New York State as a member of the State Police and that plaintiff purports to proceed as set forth therein.[3]

7.  No response is required as to the claims against New York State set forth in paragraph 7 as they have been dismissed by the Court by an Order dated September 29, 2022. (See ECF No. 9.)

8.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the complaint.

9.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the complaint.

---

[2] Plaintiff's claims against Defendant Finnegan in his official capacity have already been dismissed by the Court by an Order dated September 29, 2022. (See ECF No. 9.)
[3] Plaintiff's claims against Defendant Wollman in his official capacity have already been dismissed by the Court by an Order dated September 29, 2022. Id.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the complaint, except admit that Plaintiff, Wanda Duryea ("Duryea"), and Cheyenne Harding ("Harding") were present at the New York State Police Barracks in Somers, New York, on or about July, 26, 2019.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the complaint, except admit that Defendant Finnegan was present in the vicinity of the State Police Barracks located in Somers, New York, on or about July 26, 2019.

21. Deny the allegations set forth in paragraph 21 of the complaint, except admit that Defendant Finnegan had a conversation with Plaintiff on or about July 26, 2019 in the

vicinity of the State Police Barracks located in Somers, New York regarding a signature Plaintiff requested.

22. Deny the allegations set forth in paragraph 22 of the complaint, except admit that Plaintiff requested Defendant Finnegan's signature on paperwork.

23. Deny the allegations set forth in paragraph 23 of the complaint, except admit that Plaintiff requested Defendant Finnegan's signature on paperwork, Defendant Finnegan declined to give his signature and referred Plaintiff to the county police.

24. Deny the allegations set forth in paragraph 24 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conversation that took place between Plaintiff and Duryea and regarding the contents of any video recording not in Defendants' possession.

25. Deny the allegations set forth in paragraph 25 of the complaint, except admit that Plaintiff requested Defendant Finnegan's signature on paperwork, Defendant Finnegan declined to give his signature and referred Plaintiff to the county police

26. Deny the allegations set forth in paragraph 26 of the complaint, except admit that Plaintiff informed members of the State Police that he was a convicted and registered sex offender.

27. Deny the allegations set forth in paragraph 27 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 as it pertains to previously obtained signatures.

28. Deny the allegations set forth in paragraph 28 of the complaint, except admit that Plaintiff requested Defendant Finnegan's signature on paperwork and Defendant Finnegan declined to give his signature.

29. Deny the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint, except admit that at some point during July 26, 2019, Defendant Wollman was present in the vicinity of the New York State Police Somers barracks and interacted with Plaintiff.

31. Deny the allegations set forth in paragraph 31 of the complaint, except admit that Plaintiff claimed he had been assaulted.

32. Deny the allegations set forth in paragraph 32 of the complaint except admit that Plaintiff claimed he had been assaulted.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. Deny the allegations set forth in paragraph 34 of the complaint, except deny knowledge or information sufficient to form a belief as the truth of the allegation that Duryea's bowels emptied.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint, except admit Plaintiff requested signatures on paperwork and neither Defendant Finnegan nor Defendant Wollman agreed to provide their signatures and that Duryea used the Barracks restroom.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint, except admit that Defendants Wollman and Finnegan attempted to calm down Plaintiff.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the complaint, except admit that Plaintiff admitted, in sum and substance, that he was going back to his vehicle to smoke marijuana.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the complaint, except admit that Plaintiff repeatedly cursed at members of the State Police.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the complaint.

45. Deny the allegations set forth in paragraph 45 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth in the allegations pertaining to Harding's emotional state.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint, except admit that at some point, Duryea returned to the vehicle outside the State Police Barracks.

48. Deny the allegations set forth in paragraph 48 of the complaint, except admit that at some point Defendants Finnegan and Wollman approached the vehicle occupied by Plaintiff, Duryea, and Harding and asked whether Plaintiff possessed a license to possess medical marijuana.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint, except admit that Plaintiff indicated that he possessed authority to possess medical marijuana.

53. Deny the allegations set forth in paragraph 53 of the complaint, except admit that Defendant Finnegan indicated to Plaintiff that possession of marijuana was not lawful in New York.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. Deny the allegations set forth in paragraph 55 of the complaint, except admit that Duryea apologized on behalf of Plaintiff, her son, and attempted to quell his violent behavior towards the State Police.

56. Deny the allegations set forth in paragraph 56 of the complaint, except admit that Defendants Finnegan and Wollman made inquiries regarding marijuana.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. Deny the allegations set forth in paragraph 58 of the complaint, except admit that Duryea apologized on behalf of Plaintiff, her son, and attempted to quell his violent behavior towards the State Police.

59. Deny the allegations set forth in paragraph 59 of the complaint, except admit that members of the State Police repeatedly requested Plaintiff exit the vehicle.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. Deny the allegations set forth in paragraph 61 of the complaint, except admit that Plaintiff was removed from the vehicle.

62. Deny the allegations set forth in paragraph 62 of the complaint, except admit that Plaintiff violently resisted being removed from the vehicle and during the process of his resistance his glasses were inadvertently knocked off.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. Deny the allegations set forth in paragraph 64 of the complaint.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. Deny the allegations set forth in paragraph 66 of the complaint.

67. Deny the allegations set forth in paragraph 67 of the complaint, except admit that Plaintiff was taken into custody.

68. Deny the allegations set forth in paragraph 68 of the complaint, except admit that Duryea and Harding were present inside the State Police Barracks.

69. Deny the allegations set forth in paragraph 69 of the complaint, except admit that due to his physical aggression, Plaintiff was eventually placed into physical restraints by members of the State Police.

70. Deny the allegations set forth in paragraph 70 of the complaint, except admit that Defendant Wollman went into the back room where Plaintiff was restrained within the Somers Barracks when he heard loud noises.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71.

72. Deny the allegations set forth in paragraph 72 of the complaint.

73. Deny the allegations set forth in paragraph 73 of the complaint, except admit that at some point Plaintiff was placed in leg restraints due to his continued physical attacks on members of the State Police.

74. Deny the allegations set forth in paragraph 74 of the complaint, except admit that Plaintiff was offered and declined medical attention while at the State Police Barracks.

75. Deny the allegations set forth in paragraph 75 of the complaint.

76. Deny the allegations set forth in paragraph 76 of the complaint, except admit that photographs of Plaintiff were taken.

77. Deny the allegations set forth in paragraph 77 of the complaint.

78. Deny the allegations set forth in paragraph 78 of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to a conversation between Duryea and Harding.

79. Deny the allegations set forth in paragraph 79 of the complaint, except admit that Defendant Gould recovered a loaded firearm from a bag within the car, and that Harding admitted it was her firearm and that it was operable and loaded.

80. Deny the allegations set forth in paragraph 80 of the complaint, except admit that a cell phone was recovered from the scene and Harding was taken into custody by the members of the State Police for criminal possession of the recovered firearm.

81. Deny the allegations set forth in paragraph 81 of the complaint.

82. Deny the allegation set forth in paragraph 82 of the complaint.

83. Deny the allegations set forth in paragraph 83 of the complaint, except admit that Defendant Finnegan had a conversation with Duryea and Plaintiff was offered a cigarette by members of the State Police.

84. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 of the complaint.

85. Deny the allegations set forth in paragraph 85 of the complaint, except admit that Defendant Finnegan transported Plaintiff to his arraignment and to Westchester County Department of Correction.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the complaint, except admit that Plaintiff was arraigned on charges of assault on an officer and Harding was arraigned on charges of criminal possession of a weapon.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the complaint.

89. Deny the allegations set forth in paragraph 89 of the complaint, except admit that Defendant Finnegan transported Plaintiff to his arraignment and to Westchester County Department of Correction.

90. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the complaint, except admit that Defendant Finnegan transported Plaintiff to his arraignment and to Westchester County Department of Correction.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 95 of the complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the n allegations set forth in paragraph 102 of the complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the complaint.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the complaint, except admit that there were administrative changes made to court proceedings in New York State Courts due to the COVID-19 pandemic.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the complaint except refer to Court to the documents referenced therein for their accuracy.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the complaint, except deny any wrongdoing or misconduct otherwise by Defendants.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the complaint, except deny any wrongdoing or misconduct otherwise by Defendants.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the complaint.

109. Deny the allegations set forth in paragraph 109 of the complaint, except admit that Defendant Gould was the affiant on the accusatory instrument related to Plaintiff's July 26, 2019 arrest and refer the Court to the document for a compete recitation of the contents.

110. Deny the allegations set forth in paragraph 110 of the complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the complaint, except deny any wrongdoing or misconduct otherwise by Defendants.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the complaint.

113. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the complaint.

114. Deny the allegations set forth in paragraph 114 of the complaint.

115. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the complaint as it pertains to unidentified members of the State Police.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the complaint.

117. In response to the allegations set forth in paragraph 117 of the complaint, Defendants repeat and re-allege their responses set forth within the preceding paragraph as though fully set forth therein.

118. Paragraph 118 of the complaint does not contain an averment of fact to which a response is required.

119. Deny the allegations set forth in paragraph 119 of the complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

120. In response to the allegations set forth in paragraph 120 of the complaint, Defendants repeat and re-allege their responses set forth within the preceding paragraph as though fully set forth therein.

121. Paragraph 121 of the complaint does not contain an averment of fact to which a response is required.

122. Deny the allegations set forth in paragraph 122 of the complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

123. In response to the allegations set forth in paragraph 123 of the complaint, Defendants repeat and re-allege their responses set forth within the preceding paragraph as though fully set forth therein.

124. Deny the allegations set forth in paragraph 124 of the complaint. Defendants further state that to the extent the allegations in this paragraph contain conclusions of law, no response is required.

125. In response to the allegations set forth in paragraph 125 of the complaint, Defendants repeat and re-allege their responses set forth within the preceding paragraph as though fully set forth therein.

126. Deny the allegations set forth in paragraph 126 of the complaint. Defendants further state that to the extent the allegations in this paragraph contain conclusions of law, no response is required.

127. No response is required to the allegations in paragraph 127 because claims against New York State and the New York State Police were dismissed by the Court by an Order dated September 29, 2022. (See ECF No. 9).

128. No response is required to the allegations in paragraph 128 because claims against New York State and the New York State Police were dismissed by the Court by an Order dated September 29, 2022. (See ECF No. 9).

129. No response is required to the allegations in paragraph 129 because claims against New York State and the New York State Police were dismissed by the Court by an Order dated September 29, 2022. (See ECF No. 9).

130. In response to the allegations set forth in paragraph 130 of the complaint, Defendants repeat and re-allege their responses set forth within the preceding paragraph as though fully set forth therein.

131. Deny the allegations set forth in paragraph 131 of the complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

132. In response to the allegations set forth in paragraph 132 of the complaint, Defendants repeat and re-allege their responses set forth within the preceding paragraph as though fully set forth therein.

133. Deny the allegations set forth in paragraph 133 of the complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

134. Deny the allegations set forth in paragraph 134 of the complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

135. Deny the allegations set forth in paragraph 135 of the complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

136. In response to the allegations set forth in paragraph 136 of the complaint, Defendants repeat and re-allege their responses set forth within the preceding paragraph as though fully set forth therein.

137. Deny the allegations set forth in paragraph 137 of the complaint.

138. Deny the allegations set forth in paragraph 138 of the complaint.

139. Deny the allegations set forth in paragraph 139 of the complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

140. Deny the allegations set forth in paragraph 140 of the complaint. Defendants further state that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

## FIRST AFFIRMATIVE DEFENSE

141. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

142. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of Defendants Wollman, Gould, and Finnegan.

## THIRD AFFIRMATIVE DEFENSE

143. Defendants Wollman, Gould and Finnegan have not violated any rights, privileges, immunities under the Constitution of the laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants Wollman, Gould and Finnegan violated any acts of congress providing for the protection of civil liberties.

**FOURTH AFFIRMATIVE DEFENSE**

144. Defendants Wollman, Gould and Finnegan have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity. .

**FIFTH AFFIRMATIVE DEFENSE**

145.  At all times relevant to the acts alleged in the complaint, Defendants Wollman, Gould, and Finnegan acted reasonably and properly in the lawful exercise of their discretion.

**SIXTH AFFIRMATIVE DEFENSE**

146.  There was probable cause for Plaintiff's arrest, detention and/or prosecution.

**SEVENTH AFFIRMATIVE DEFENSE**

147.  Plaintiff's claims may be barred, in whole or in part, by his own contributory and comparative negligence, and/or by assumption of risk.

**EIGHTH AFFIRMATIVE DEFENSE**

148.  Plaintiff provoked or was at fault for the alleged incident.

**NINTH AFFIRMATIVE DEFENSE**

149.  Plaintiff failed to mitigate his alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

150.  To the extent that any force was used, it was reasonable, necessary, and justified.

**ELEVENTH AFFIRMATIVE DEFENSE**

151.  Plaintiff's claims may be barred, in whole, or in part, under the applicable statute of limitations period.

**WHEREFORE**, Defendants Wollman, Gould, and Finnegan respectfully request that this Court dismiss the claims against them and grant such further relief as the Court deems just and proper.

Dated: New York, New York
       June 20, 2023

>                                LETITIA JAMES
>                                Attorney General
>                                State of New York
>                                <u>Attorney for Defendants</u>
>
>                                By: <u>/s/ *Jennifer Goltche*</u>
>                                Jennifer Goltche
>                                Assistant Attorney General
>                                28 Liberty Street
>                                New York, NY 10005
>                                (212) 416-8591
>                                Jennifer.Goltche@ag.ny.gov