UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
BROOKS,

                        Plaintiff,

      -against-                        22 Civ. 6283 (VB)(JCM)

FINNEGAN, et al.

                       Defendants.
------------------------------------------------------------------- X

# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

                                   LETITIA JAMES
                                   Attorney General of the
                                    State of New York
                                   <u>Attorney for Defendants</u>
                                   28 Liberty Street
                                   New York, New York 10005
                                   (212) 416-6185

JEB HARBEN
Assistant Attorney General
 <u>of Counsel</u>

**PRELIMINARY STATEMENT**

Defendants, by their attorney Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in opposition to Plaintiff's motion to compel (ECF No. 54) in this Section 1983 action stemming from the arrest of Plaintiff on July 26, 2019, at the New York State Police ("NYSP") barracks at Somers New York by NYSP personnel. Plaintiff's motion should be denied because it fails to comply with Fed. R. Civ. P 37 (a)(1), S.D.N.Y. Local Rule 37.2, and the Court's Individual Rules. Plaintiff's motion to compel should also be denied because it does not attach the discovery demands it is based on and does not sufficiently describe what is purportedly outstanding. Finally, Plaintiff's motion to compel should be denied because Defendants have provided the discovery in question and provided good faith explanations as to why certain materials have not been located or are not relevant to this action.

**ARGUMENT**

**I.    Plaintiff's Motion Violates Fed. R. Civ. P 37 (a)(1), S.D.N.Y. Local Rule 37.2, and the Court's Individual Rules**

As a preliminary matter, Plaintiff's motion to compel violates the Individual Rules of Judge Briccetti and McCarthy, both of which refer to S.D.N.Y. Local Civil Rule 37.2, and require that the discovery dispute first be raised via a request for a conference with the Court before initiating motion practice. Plaintiff made no such request before filing his motion to compel. Nor did Plaintiff follow either judge's individual rules or Fed. R. Civ. P. 37(a)(1) by attempting to "meet and confer."

Failure to "meet and confer" is "'sufficient reason to deny [a party's] motion to compel." Azzarmi v. Key Food Stores, No. 20 Civ. 6835, 2021 WL 1734922, at * 3 (S.DN.Y. May 3, 2021) (citation and quotation omitted). Pro se status does not exempt Plaintiff here from procedural requirements. Id. at **3-4 (denying motion to compel where pro se movant failed to follow S.D.N.Y. Local Rule 37.2, Fed. R. Civ. P. 37(a)(1), and the Court's Individual Rules before moving to compel)

1

(citation and quotation omitted). For these reasons, Plaintiff's motion should be denied.

II. **Defendants Have Responded to Plaintiff's Discovery Demands and Explained Why Any Materials Were Not Produced**

Discussing the anticipated motion in a "meet and confer" and writing to the Court in advance of filing the motion may have served to resolve issues earlier. In preparing to oppose the instant motion, Defense counsel realized that he made a mistake when responding to Plaintiff's document requests in February when a substantial number of documents were provided to Plaintiff. Instead of attaching written discovery responses dated February 13, 2025 to his e-mail to Plaintiff, he mistakenly attached a letter that had been submitted to the Court on February 13, 2025 (ECF No. 50) entitled "2.13.25.discovery." See March 20, 2025 Declaration of Jeb Harben ("Harben Decl."), Exh. A (February 19, 2025 e-mail and attachment).[1]

When counsel realized this error while preparing the opposition to the instant motion to compel, he immediately e-mailed to Plaintiff the written discovery responses he had intended to send in February and explained the mistake. Harben Decl., Exh. B (March 19, 2025 e-mail and attachment). On March 20, 2025, counsel again e-mailed Plaintiff the written discovery responses and explained in more detail his prior mistake. At that time Counsel also provided the March 20, 2025 Declaration of NYSP Associate Counsel Amanda Nissen, which explained her role in collecting discovery in this action and why certain items requested by Plaintiff have not been provided (largely because they do not exist). See Harben Decl., Exh. C (March 20, 2025 e-mail and attachment).

Counsel asked Plaintiff if the above materials sent on March 19 and 20 were sufficient and whether they resolved the issues raised in the motion to compel. Plaintiff responded that "[t]his does

---

[1] The e-mails submitted herein are addressed to "Wanda Duryea," Plaintiff's mother, who has been assisting him in this litigation, and sent to the "nh_cherokee@yahoo.com" e-mail address used by Plaintiff for the purposes of this litigation that is listed on the court docket.

not comport with the spirit of the law . . . . You never provided initial discovery within the Court rules." Harben Decl., Exh. D (March 20, 2025 e-mail).[2] Plaintiff did not explain how the responses did not "comport with he spirit of the law" or why Defendants were expected to provide discovery materials that do not exist, as explained in the Nissen Decl. (Harben Decl., Exh. C).[3]

Plaintiff's motion (at ¶¶ 9 – 10) also complains that Defendants' discovery responses were not signed by Defendants, but the applicable rules do not require initial Rule 26 disclosures or document request responses to be signed by anyone other than an attorney. Plaintiff's motion refers to the demands as interrogatories at times. The requests were document demands, referencing only Fed. R. Civ. P. 34, and not interrogatories under Fed. R. Civ. P. 33. See Harben Decl., Exh. F (document requests directed to Defendant Finnegan, which are substantially the same as the requests directed to Defendants Wollman and Gould, which also only refer to Fed. R. Civ. P. 34). In any event, Assistant NYSP Counsel Nissen has provided a signed declaration. Harben Decl., Exh. C. NYSP counsel is in a better position to attest to the collection of discovery materials than a retired employee (Finnegan) and two other employees who no longer work at the Somers NYSP barracks (Wollman and Gould).

The motion (at ¶ 8) also complains that the documents produced "did not contain a document production log or a document privilege log." Plaintiff cites no applicable rule requiring

---

[2] Initial Disclosures were provided in 2024. Harben Decl., Exh. E. Plaintiff did not object to them when provided.

[3] It should be noted that the discovery requests served by Plaintiff were done so approximately seven months after the May 9, 2024 deadline for doing so set by the Court in the April 9, 2024 Civil Case Discovery Plan, which was noted in Defendants' written responses and objections, although Defendants did not refuse to respond or otherwise provide discovery on this basis. While the close of discovery had been extended several times, Plaintiff never requested that the deadline for document requests be extended. Defendants timely served document requests and interrogatories on Plaintiff on May 9, 2024. See ECF No. 54 at p .4.

3

a "production log" and a log describing the basis for all redactions (privilege or otherwise) was provided to Plaintiff well prior to the submission of Plaintiff's motion. Harben Decl., Exh. G. The production was under 300 pages and consisted largely of the Court of Claims filings, the NYSP file regarding the arrest in question -- with certain "rap sheet" and counsel communication information redacted), disciplinary materials regarding Defendants – with certain non-party/non-law enforcement names redacted (none related to this incident). Attendance records were later produced. The production was basic and did not require a detailed explanation. The materials redacted included communications with counsel regarding the collection of materials for related litigations as well as numerous print-outs of "rap" sheet materials contained in NYSP files that are prohibited from disclosure, and non-party/non-law enforcement names as noted in the redaction log. To date, Plaintiff has not challenged any of the specific justifications provided for redactions and did not object to the log prior to filing his motion. Plaintiff (at ¶ 8) also complains of "incomplete documents within those disclosures," but does not specify which documents he complains are incomplete.

### III. Defendants Have Provided Relevant and Responsive Materials

Plaintiff's motion does not delineate what he believes has not been produced that should have been. Plaintiff attaches a host of e-mails, with very little context. On February 19, 2025, Defendants produced 291 pages of materials, some of which Plaintiff already possessed, and some of which were redacted for the reasons discussed in the redaction log. See Harben Decl., Exhs. A and G. Defendants' responses dated February 13, 2025 explain that certain materials requested were not located (Harben Decl., Exh. B) and the Nissen Decl. (Harben Decl., Exh. C) further explains why certain materials requested (primarily video and audio recordings) do not exist.

Defendants cannot provide video and audio recordings that do not exist. Accordingly, there is

4

nothing to "compel" them to produce. Plaintiff himself recorded parts of the incident and has those recordings in his possession.

Defendants' disciplinary dispositions and related materials (Document Request 2) were produced. As described in Harben Decl., Exh. B, no disciplinary materials relating to the incident (Document Request 3) were generated. Any non-parties referenced in any materials located to date (Document Requests 4-5) have been provided, as were any documents regarding force used on Plaintiff (Document Request 6). See Defendants' Responses (Harben Decl., Exh. B).

Plaintiff has sought Defendants' medical records regarding the incident and for ten years prior to the incident regarding any "similar injuries." (Document Requests 7-8) As stated in Harben Decl., Exhs. B and C, there are no "medical records" relating to the injuries sustained by Defendants Finnegan and Wollman (Defendant Gould was not involved in, and not present, the restraint of Plaintiff when Defendants Finnegan and Wollman were injured) because the injuries were just scrapes/bruises that did not require treatment by a medical provider. These injuries were documented and photographed in NYSP records provided to Plaintiff. Records relating to any injuries ten years prior would constitute an unwarranted invasion of these Defendants' privacy rights and are simply irrelevant to this lawsuit if the NYSP or these Defendants even have any such records in their possession (rather than providers). Defendants Finnegan and Wollman are not pursuing counterclaims, nor do they assert that the scrapes/bruises they suffered in the incident caused them to miss any work or required medical care from a provider. Indeed, the documents provided in discovery clearly show that neither missed any work. Plaintiff appears to be pursuing this unwarranted invasion of privacy because the non-party Westchester Assistant District Attorney at Plaintiff's July 31, 2019 bail hearing (at which Defendants were not present) apparently overstated the extent of Defendant Finnegan's injury, believing it was more than just a scrape/bruise. Counsel explained to Plaintiff that

this was a mistake by this non-party and that Defendants never claimed they sustained serious injuries, see Harben Decl., Exh. H,[4] nor would any materials generated by the NYSP (which have been provided to Plaintiff) have led a third-party to believe that serious injuries had been sustained.

Plaintiff has also requested discovery regarding purportedly malfunctioning video equipment at the Somers NYSP barracks (Document Requests Nos. 18-19). As explained in Defendants' written responses (Harben Decl., Exh. B) and the Nissen Decl. (at ¶ 6) (Harben Decl., Exh. C), the equipment was not malfunctioning and the NYSP never claimed it was, there is just no NYSP video to be produced.

## **CONCLUSION**

For the reasons above, Defendants respectfully request that this Court deny Plaintiff's motion to compel.

Dated: New York, New York
       March 21, 2025

                    Respectfully submitted,
                    LETITIA JAMES
                    Attorney General of the
                     State of New York

                    Attorney for Defendants
                    By:

                        */s/Jeb Harben*
                    JEB HARBEN
                    Assistant Attorney General
                    28 Liberty Street
                    New York, New York 10005
                    Phone: (212) 416-6185

---

[4] Curiously, in the myriad of e-mails provided by Plaintiff, this e-mail was not included.