UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH A. BROOKS,

                          Plaintiff,

      - against-                    Docket Number
                                    22-CV-6283 (VB)
STATE OF NEW YORK, et al.

                        Defendants.

## NOTICE TO PRO SE LITIGANTS OPPOSING MOTION TO DISMISS OR MOTION FOR SUMMARY JUDGMENT

      The defendants in this case have moved to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure or for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendants have asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56. An affidavit is a sworn statement of fact based on personal knowledge that would be admissible in evidence at trial. The full text of Rule 56 is attached.

      In short, Rule 56 provides that you may NOT oppose summary judgment simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising issues of fact for trial. Any witness statement, which may include your own statements, must be in the form of affidavits. You may submit affidavits that were prepared specifically in response to defendant's motion for summary judgment.

Any issue of fact that you wish to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by the defendant. If you do not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by the defendant, the court may accept defendant's factual assertions as true. Judgment may then be entered in defendant's favor without a trial.

If you have any questions, you may direct them to the Pro Se Office.

Dated: New York, New York  	LETITIA JAMES
       March 2, 2026  	Attorney General, State of New York
                                    Attorney for the Defendants

                                      */s/Jeb Harben*
                                    By: Jeb Harben
                                    Assistant Attorney General
                                    28 Liberty Street
                                    New York, New York 10005
                                    Phone: (212) 416-6185
                                    E-mail: jeb.harben@ag.ny.gov

To: Plaintiff Pro Se (Via ECF)

➡ **Rule 56. Summary Judgment**

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

>  **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> **(3)** *Materials Not Cited.* The court need consider only the cited materials, but it may consider other materials in the record.
>
> **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

> **(1)** defer considering the motion or deny it;
>
> **(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
> **(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> **(1)** give an opportunity to properly support or address the fact;
>
> **(2)** consider the fact undisputed for purposes of the motion;

  **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

  **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

  **(1)** grant summary judgment for a nonmovant;

  **(2)** grant the motion on grounds not raised by a party; or

  **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.