UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH A. BROOKS,

                Plaintiff,

- against-

STATE OF NEW YORK, et al.

                Defendants.

Docket Number
22-CV-6283 (VB)

## DECLARATION OF TIMOTHY H. FINNEGAN

I, TIMOTHY H. FINNEGAN, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am a party to this action and submit this declaration in support of Defendants' motion for summary judgment. I make this declaration based on personal knowledge and a review of contemporaneously created documents.

2. I began my employment with the New York State Police ("NYSP") in November 1998 and retired in February 2020.

3. On July 26, 2019, I was assigned to the Somers NYSP barracks. On that day I was involved in the arrest of Joseph Brooks, the Plaintiff in this action. My involvement was summarized in a memorandum I prepared that day in the ordinary course of my responsibilities as a NYSP employee, a true and correct copy of which is attached here to as Exhibit A (BROOKS 000044-45).

4. At approximately 9:20 a.m. on July 26, 2019, I was on patrol and told to return to the Somers NYSP barracks for a "walk in" from a member of the public.

5. When I arrived, Plaintiff Joseph Brooks was in the parking lot of the barracks and identified himself as a sex offender on parole visiting from New Hampshire and that he needed me to sign a form to give him permission to leave New York and return to New Hampshire.

6. After I advised Plaintiff that I was unfamiliar with the document he wanted me to sign he became agitated.

7. I then contacted NYSP Sgt. Kranik who advised me to refer Plaintiff to the Westchester County police. When I conveyed this to Plaintiff he because more agitated and belligerent and began to record me with a telephone while I was inside my vehicle. Plaintiff was also circling my vehicle in a suspicious manner.

8. I then exited my vehicle and as I was walking toward Plaintiff he got into my personal space thrusting his telephone toward my face. At that time, I made incidental contact nudging Plaintiff with my forearm. At that point Plaintiff loudly exclaimed that I had assaulted him, which I denied.

9. As Plaintiff became more agitated and belligerent, Investigator Wollman came outside and spoke to Plaintiff with me present. Plaintiff reiterated his request that his paperwork get signed.

10. Plaintiff was accompanied by two women who I later learned were relatives. During our interaction it appeared that they took over recording us with their telephone from Plaintiff.

11. Inside the barracks lobby Plaintiff ultimately became agitated and belligerent and was yelling profanities. Ultimately, Plaintiff left the barracks and indicated that he was going to smoke a joint.

12. Investigator Wollman and I followed Plaintiff to his vehicle where he had sat down in the passenger seat. I smelled marijuana in the area.

13. At that time, I inquired about marijuana as, at the time, possession and smoking of marijuana was illegal in New York. Plaintiff indicated that he had a medical marijuana card that was valid for Maine and New Hampshire, but which was not sufficient for New York. Plaintiff also shouted profanities at Investigator Wollman and me. At no time did Plaintiff deny that he possessed marijuana.

14. As we reasonably believed that Plaintiff was illegally smoking or was illegally in possession of marijuana in his vehicle, Plaintiff was told multiple times to exit the vehicle, but he did not comply.

15. Investigator Wollman and I then proceeded to remove Plaintiff from the vehicle. Plaintiff struggled and was kicking and punching Investigator Wollman and me.

16. While we were attempting to restrain Plaintiff, due to his struggling, kicking, and punching, Investigator Wollman and I fell to the pavement along with Plaintiff, who continued to struggle.

17. At that time, Investigator Wollman hit his left elbow on the pavement resulting in a scrape to his elbow and tear to his shirt.

18. During the fall my right knee hit the pavement and was bruised and scraped.

19. My injury did not require medical attention, and I did not miss work because of it.

20. During the struggle Plaintiff also suffered scrapes and bruises.

21. Plaintiff was placed in handcuffs and taken inside the NYSP Somers barracks for his arrest to be processed where he was further shackled and continued to struggle.

22. When Investigator Wollman was outside Plaintiff's presence Plaintiff kicked and punched at furniture and banged his head against the wall violently. As I attempted to further subdue Plaintiff he kicked me in the face. At that point Investigator Wollman returned and helped

me further restrain Plaintiff.

23. At no time did I use any force on Plaintiff other than what was necessary to remove him from his vehicle, restrain him, and handcuff him.

24. At no time did I or Investigator Wollman punch or kick Plaintiff or use body weight on him while he was on the ground in any inappropriate manner as I understand Plaintiff has claimed in this lawsuit.

25. After the incident with Plaintiff, I was photographed by NYSP Sergeant Timko.

26. Neither NYSP Sergeant Timko nor Investigator Gould were present when Investigator Wollman and I restrained Plaintiff. Both arrived at the barracks after the incident had concluded.

27. My communications to Investigator Gould regarding the incident with Plaintiff were truthful and accurate.

WHEREFORE, for the reasons stated in the attached Memorandum of Law and other submissions made herein, Defendant Finnegan respectfully requests that this Court grant summary judgment and dismiss this action in its entirety

Executed: Dutchess County, New York
March 2, 2026


TIMOTHY H. FINNEGAN