UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH A. BROOKS,

                          Plaintiff,

- against-

STATE OF NEW YORK, et al.

                          Defendants.

Docket Number
22-CV-6283 (VB)

## **DECLARATION OF TIMOTHY P. GOULD**

I, TIMOTHY P. GOULD, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.    I am a party to this action and submit this declaration in support of Defendants' motion for summary judgment. This declaration is based on my recollections and review of relevant documents.

2.    I have been employed by the New York State Police ("NYSP") since April 2012. In September 2017, I was promoted to NYSP Investigator. In April 2019, I was promoted to Sergeant. In January 2023, I was promoted to Lieutenant.

3.    My understanding is that on July 26, 2019, there was an incident between Plaintiff, Joseph Brooks, NYSP Trooper Timothy Finnegan, and NYSP Investigator James Wollman during the arrest of Plaintiff at the Somers NYSP barracks.

4.    The July 26, 2019 incident took place when I was not present at the Somers NYSP barracks.

5.    I was not present, and did not witness, any part of the arrest of Plaintiff by Trooper

1

Finnegan and Investigator Wollman and any subsequent restraint of Plaintiff.

6. At no time did I witness either Trooper Finnegan or Investigator Wollman use force on Plaintiff.

7. I was the Investigator assigned to process the arrest of Plaintiff and prepared an Incident Report and Arrest Report. True and correct copies of the Incident Report and Arrest Report I prepared in the ordinary course of my duties as a NYSP Investigator are attached hereto as Exhibit A (BROOKS 000110-119).

8. The Incident Report and Arrest Report also include information regarding Cheyenne Harding, who I was advised is Plaintiff's cousin and was travelling with him, who was determined to have been in possession of a firearm.

9. I was also involved in the search of Plaintiff's vehicle that resulted in marijuana and a firearm being found.

10. Attached as Exhibit B (BROOKS 000058) is a true and correct copy of the NYSP Evidence Record prepared in the ordinary course of my responsibilities noting that marijuana residue and a firearm were located in Plaintiff's vehicle.

11. At the time of the search, Cheyenne Harding stated that the firearm, a black power flint lock pistol, belonged to her, and not to Plaintiff. As a result, in my discretion I determined that Plaintiff, who I had been advised was a sex offender on parole, would not be charged with possession of an unlicensed firearm.

12. As noted in the Incident Report (at BROOKS 000110), I had initially intended to charge Plaintiff with unlawful possession of marihuana under New York Penal Law § 221.05, but after discussing the matter with a representative from the Westchester County District Attorney that day, I was advised that the Westchester County District Attorney was not prosecuting minor

marihuana offenses of that type at that time and, as a result, I did not prepare an accusatory instrument on that charge.

13. After consultation with the Westchester County District Attorney, Investigator Wollman, and Trooper Finnegan, I prepared accusatory instruments charge Plaintiff with Assault in the Second Degree (Penal Law § 120.05), Disorderly Conduct (Penal Law § 240.20), and Resisting Arrest (Penal Law § 205.30). True and correct copies of these instruments are attached hereto as Exhibit C.

14. Based on what was described to me by Investigator Wollman and Trooper Finnegan, specifically that Plaintiff was punching and kicking them while they tried to arrest him, resulting in Investigator Wollman and Trooper Finnegan falling to the pavement and sustaining injuries, I determined that the charge of Assault in the Second Degree was appropriate as were the other charges for Disorderly Conduct and Resisting Arrest. At no time did I have any reason to not believe Investigator Wollman or Trooper Finnegan. I also observed the injuries on their bodies.

15. My decision to prepare the above accusatory instruments was not based on Plaintiff's status as a convicted sex offender, but rather, on the information provided to me regarding Plaintiff's actions on the day in question, including the written report of Defendant Finnegan describing Plaintiff's assault on Defendants Finnegan and Wollman.

WHEREFORE, for the reasons stated in the attached Memorandum of Law and other submissions made herein, Defendant Gould respectfully requests that this Court grant summary judgment and dismiss this action in its entirety.

Executed: New York, New York
March 2, 2026

_____
TIMOTHY P. GOULD