UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH A. BROOKS,

                             Plaintiff,

           - against-

STATE OF NEW YORK, et al.

                             Defendants.

Docket Number
22-CV-6283 (VB)

## DECLARATION OF JAMES F. WOLLMAN

I, JAMES F. WOLLMAN, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.       I am a party to this action and submit this declaration in support of Defendants' motion for summary judgment. I make this declaration based on personal knowledge and a review of contemporaneously created documents.

2.       I began my employment with the New York State Police ("NYSP") in August 2014 and was promoted to NYSP Investigator in April 2019, a title that I still hold.

3.       On July 26, 2019, I was assigned to the Somers NYSP barracks. On that day I was involved in the arrest of Joseph Brooks, the Plaintiff in this action. My involvement was summarized in a memorandum I prepared that day in the ordinary course of my responsibilities as a NYSP employee, a true and correct copy of which is attached here to as Exhibit A (BROOKS 000046-47).

4.       At approximately 9:45 a.m. I observed, from inside the barracks, NYSP Trooper Timothy Finnegan having a discussion with a man I later learned to be Joseph Brooks, Plaintiff,

1

in the parking lot of the Somers NYSP barracks.

5. Because Mr. Brooks appeared to be acting belligerently toward Trooper Finnegan, I left the barracks to determine what was happening.

6. When I approached Trooper Finnegan and Plaintiff, I learned that Plaintiff was seeking to have NYSP personnel sign a document for him to provide to New Hampshire parole authorities as Plaintiff explained he was a New Hampshire sex offender on parole visiting New York from New Hampshire.

7. I was unfamiliar with the document as was Trooper Finnegan. I told Plaintiff that we would make inquiries with NYSP officials as to how to proceed and that he could wait in the lobby of the barracks.

8. Plaintiff was accompanied by two women who I later learned were relatives. During our interaction it appeared that they were recording us with their telephone.

9. Inside the barracks lobby Plaintiff ultimately became agitated and belligerent and was yelling profanities. Ultimately, Plaintiff left the barracks and indicated that he was going to smoke a joint in his vehicle.

10. Trooper Finnegan and I followed Plaintiff to his vehicle where he had sat down in the passenger seat. We smelled marijuana in the area.

11. At that time, we inquired about marijuana as, at the time, possession and smoking of marijuana was illegal in New York. Plaintiff indicated that he had a medical marijuana card that was valid for Maine and New Hampshire, but which was not sufficient for New York. Plaintiff also shouted profanities at Trooper Finnegan and me. At no time did Plaintiff deny that he possessed marijuana.

12. As we reasonably believed that Plaintiff was illegally smoking or was illegally in

2

possession of marijuana in his vehicle, Plaintiff was told multiple times to exit the vehicle, but he did not comply. Trooper Finnegan and I then proceeded to remove Plaintiff from the vehicle. Plaintiff struggled and was kicking and punching Trooper Finnegan and me.

13.    While we were attempting to restrain Plaintiff, due to his kicking and punching, Trooper Finnegan and I fell to the pavement along with Plaintiff, who continued to struggle. At that time, I hit my left elbow on the pavement resulting in a scrape to my elbow and tear to my shirt. I observed that Trooper Finnegan's knee had hit the pavement and was scraped.

14.    My injury did not require medical attention, and I did not miss work because of it.

15.    During the struggle Plaintiff also suffered scrapes and bruises.

16.    Plaintiff was placed in handcuffs and taken inside the NYSP Somers barracks for his arrest to be processed where he was further shackled and continued to struggle.

17.    At no time did I use any force on Plaintiff other than what was necessary to remove him from his vehicle, restrain him, and handcuff him. At no time did I or Trooper Finnegan punch or kick Plaintiff or use body weight on him while he was on the ground in any inappropriate manner as I understand Plaintiff has claimed in this lawsuit.

18.    After the incident with Plaintiff, I was photographed by NYSP Sergeant Timko.

19.    Neither NYSP Sergeant Timko nor Investigator Gould were present when Trooper Finnegan and I restrained Plaintiff. Both arrived at the barracks after the incident had concluded.

20.    My communications to Investigator Gould regarding the incident with Plaintiff were truthful and accurate.

WHEREFORE, for the reasons stated in the attached Memorandum of Law and other submissions made herein, Defendant Wollman respectfully requests that this Court grant summary judgment and dismiss this action in its entirety

3

Executed: New York, New York
March 2, 2026

JAMES F. WOLLMAN