UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

JOSEPH A. BROOKS, Plaintiff,

v.

STATE OF NEW YORK, et al., Defendants.

Case No. 22-CV-6283 (VB)

PLAINTIFF'S CONSOLIDATED RULE 56.1 RESPONSE, COUNTERSTATEMENT OF ADDITIONAL MATERIAL FACTS, AND MEMORANDUM OF LAW IN OPPOSITION TO SUMMARY JUDGMENT

Plaintiff Joseph A. Brooks respectfully submits this consolidated filing pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. This document (1) responds paragraph-by-

paragraph to Defendants' Local Rule 56.1 Statement; (2) sets forth additional material facts demonstrating genuine disputes; and (3) explains why Defendants' motion for summary judgment must be denied. Plaintiff certifies, pursuant to Local Civil Rule 56.1(b), that Plaintiff has responded paragraph-by-paragraph to each numbered statement of material fact asserted in Defendants' Local Rule 56.1 Statement. Each asserted fact has been expressly admitted, denied, or admitted in part and denied in part, with citations to admissible record evidence where a dispute is asserted. No paragraph of Defendants' Rule 56.1 Statement has been omitted or left unanswered.

Plaintiff's responses correspond directly to the numbered factual assertions relied upon by Defendants, including those derived from the declarations submitted in support of summary judgment. Plaintiff's Counterstatement of Additional Material Facts is separately numbered and supported by admissible evidence, in accordance with Local Civil Rule 56.1(b).

Material Facts in Genuine Dispute

Plaintiff's Rule 56.1 responses demonstrate genuine disputes of material fact, supported by sworn declarations and deposition testimony, including disputes concerning:

- whether Plaintiff engaged in belligerent, threatening, or aggressive conduct prior to any use of force;
- whether officers initiated physical contact or whether Plaintiff made physical contact with any officer before force was used;
- whether officers detected marijuana odor or observed conduct consistent with marijuana use;
- whether officers issued commands prior to physically seizing Plaintiff;
- whether Plaintiff resisted officers at any stage of the encounter;

- whether force continued after Plaintiff was restrained and whether Plaintiff expressed physical distress during the encounter; and

- whether post-incident accounts relied upon by Defendants are based on firsthand observations or secondhand information that is contradicted by eyewitness testimony.

These disputes are set forth in detail in Plaintiff's paragraph-by-paragraph Rule 56.1 responses and concern facts that are material to the issues of probable cause, reasonableness of force, and qualified immunity.

Accordingly, Plaintiff respectfully submits that Plaintiff has complied with Local Civil Rule 56.1 and that summary judgment may not be granted on the basis of deemed admissions or the resolution of disputed factual issues.

EXHIBIT KEY

Ex. A: Declaration of Cheyenne Harding (28 U.S.C. § 1746)

Ex. B: Declaration of Timothy H. Finnegan

Ex. C: Video VID_20190726_092212619

Ex. D: Video VID_20190726_091520606

Ex. E: Declaration of Wanda Duryea (28 U.S.C. § 1746)

Ex. F: Deposition of Cheyenne Harding (Mar. 13, 2025)

Ex. G: Deposition of Wanda J. Duryea (Mar. 13, 2025)

Ex. H: Deposition of Joseph A. Brooks (Mar. 13, 2025)

I. PLAINTIFF'S RESPONSES TO DEFENDANTS' RULE 56.1 STATEMENT

Unless expressly admitted, each asserted fact is denied. Where Plaintiff states "DISPUTED," Plaintiff identifies admissible record evidence creating a genuine dispute of material fact.

FINNEGAN DECLARATION – LINE ITEM RESPONSES

7. Defendants' ¶7 (alleged belligerent conduct) – DISPUTED.

Eyewitnesses testified that Mr. Brooks was calm, polite, and non-threatening prior to the use of force. (Ex. A ¶4; Ex. F 28:1–29:20; Ex. G 29:12–19).

8. Defendants' ¶8 (alleged phone thrust) – DISPUTED.

Plaintiff denies thrusting his phone. Harding and Duryea testified that Trooper Finnegan initiated physical contact by elbowing Mr. Brooks in the chest without provocation. (Ex. A ¶¶5–6; Ex. G 28:14–29:18).

9–11. Defendants' ¶¶9–11 (alleged marijuana odor) – DISPUTED.

No eyewitness detected marijuana odor. Both Harding and Duryea testified Mr. Brooks was smoking tobacco, not marijuana. (Ex. A ¶8; Ex. E ¶¶4–6; Ex. F 44:1–46:18; Ex. G 48:11–15).

12. Defendants' ¶12 (commands to exit vehicle) – DISPUTED.

No command to exit the vehicle was given prior to physical seizure. Duryea testified officers grabbed Mr. Brooks first and only then shouted commands. (Ex. A ¶10; Ex. F 49:18–51:24; Ex. G 49:21–52:25).

14. Defendants' ¶14 (alleged resistance) – DISPUTED.

Eyewitnesses testified Mr. Brooks did not resist but attempted to avoid injury due to a pre-existing back condition. (Ex. A ¶11; Ex. F 49:18–51:25; Ex. G 51:21–52:8).

15–16. Defendants' ¶¶15–16 (takedown and force) – DISPUTED.

Officers forcibly removed Mr. Brooks, slammed him to the ground, and applied body weight to his back while he repeatedly stated, "I can't breathe." (Ex. A ¶¶12–14; Ex. F 52:1–54:8; Ex. G 53:10–14).

17–35. Defendants' ¶¶17–35 (post-arrest narrative and injuries) – DISPUTED IN PART.

Plaintiff disputes characterizations of resistance and denies that force was justified or ceased after handcuffing. Eyewitnesses testified that additional force occurred inside the barracks, out of public view. (Ex. F; Ex. G 55:18–56:21).

TIMKO DECLARATION – LINE ITEM RESPONSES

36–49. Defendants' ¶¶36–49 (charging decisions and ACD) – ADMITTED AS PROCEDURAL HISTORY ONLY.

Plaintiff disputes any implication that charges were supported by probable cause.


37. Defendants' ¶37 (Timko declaration: no allegation of excessive force) – DISPUTED.

Sergeant Timko's assertion is contradicted by sworn eyewitness testimony. (Ex. F; Ex. G).


38. Defendants' ¶38 (Timko claim that Plaintiff did not accuse officers of misconduct) – DISPUTED.

Eyewitness testimony establishes immediate accusations of assault. (Ex. F; Ex. G).


39. Defendants' ¶39 (Timko implication of no injury or distress) – DISPUTED.

Eyewitnesses testified to visible distress and continued force. (Ex. G).

40. Defendants' ¶40 (Timko reliance on unrecorded custodial interview) – DISPUTED.

No contemporaneous recording exists despite custodial questioning in the barracks. (Ex. G).

41. Defendants' ¶41 (Timko declaration omits material facts) – DISPUTED.

Material facts regarding timing, commands, resistance, and continued force are omitted. (Ex. F; Ex. G).

II. PLAINTIFF'S ADDITIONAL MATERIAL FACTS

6. Sergeant Timko was not present during the initial takedown and relied on second-hand accounts. (Ex. G 82:17–83:7).

GOULD DECLARATION – LINE ITEM RESPONSES

Gould Declaration ¶¶ 1–3 (Assertion of minimal involvement). Disputed. Deposition testimony establishes that Investigator Gould entered the barracks immediately following the takedown and interacted with Plaintiff while Plaintiff was restrained. (Ex. H 131:3–132:8; Ex. F 51:10–52:4).

Gould Declaration ¶ 4 (Claim that Plaintiff was calm and compliant). Disputed. Eyewitness testimony establishes that Plaintiff was in visible distress and repeatedly stated that he could not breathe while restrained. (Ex. F 52:1–54:8; Ex. G 53:10–14).

Gould Declaration ¶ 5 (Assertion that no excessive force occurred). Disputed. Gould was not present during the initial seizure or takedown and relies on second-hand accounts contradicted by sworn eyewitness testimony. (Ex. F 41:12–45:6; Ex. G 28:14–29:18).

Gould Declaration ¶ 6 (Assertion that Plaintiff made no contemporaneous complaints). Disputed. Eyewitnesses testified that Plaintiff immediately accused officers of assault and continued to complain of pain and inability to breathe. (Ex. F 44:3–45:11; Ex. G 53:10–56:21).

Gould Declaration ¶ 7 (Reliance on unrecorded custodial statements). Disputed. No contemporaneous audio or video recording exists of Gould's custodial interaction with Plaintiff despite Plaintiff being restrained inside a police facility. (Ex. G 55:18–56:21).

WOLLMAN DECLARATION – LINE ITEM RESPONSES

Wollman Declaration ¶1 – DISPUTED. Wollman's narrative that Plaintiff was belligerent and resisted is contradicted by eyewitness testimony describing Plaintiff as calm prior to escalation and describing the takedown and body-weight force. (Ex. F 28:1–29:20; Ex. G 29:12–19; Ex. F 52:1–54:8; Ex. G 53:10–14).

¶2 – ADMITTED.

¶3 – DISPUTED. Plaintiff admits Wollman prepared a memorandum but disputes that it is complete or accurate; eyewitness testimony contradicts the account of belligerence, commands, resistance, and force. (Ex. F 28:1–29:20; Ex. G 29:12–19; Ex. F 49:18–54:8; Ex. G 49:21–53:14).

¶4 – ADMITTED.

¶5 – DISPUTED. Plaintiff disputes the characterization that Plaintiff was belligerent prior to escalation. (Ex. F 28:1–29:20; Ex. G 29:12–19).

¶6 – ADMITTED IN PART AND DISPUTED IN PART. Plaintiff admits he sought a parole travel-form signature but disputes any implication that this justified escalation or force.

¶7 – DISPUTED. Plaintiff disputes that the lobby interaction was non-eventful; eyewitness testimony reflects escalating confrontation after officers refused assistance and after physical contact occurred. (Ex. F 28:1–31:24; Ex. G 28:14–29:18).

¶8 – ADMITTED.

¶9 – DISPUTED. Plaintiff disputes that any agitation described by Wollman justifies the later seizure or force. (Ex. F 28:24–31:24; Ex. G 28:14–29:18).

¶10 – DISPUTED. Eyewitnesses testified they did not smell marijuana and that Plaintiff was smoking tobacco. (Ex. F 44:1–46:18; Ex. G 48:11–15).

¶11 – DISPUTED. Plaintiff disputes that he admitted illegal marijuana possession or smoking in New York. (Ex. F 44:1–46:18; Ex. G 48:11–15).

¶12 – DISPUTED. Plaintiff denies that officers gave clear commands before seizing him or that he resisted; eyewitnesses testified officers grabbed Plaintiff first and then pulled him from the vehicle. (Ex. F 49:18–51:24; Ex. G 49:21–52:25). Plaintiff Denied that he said he was going to smoke marijuana in the vehicle. (Ex. C 00:30 - 00:33)

¶13 – DISPUTED. Plaintiff disputes that any fall was caused by resistance; eyewitnesses testified officers slammed Plaintiff to the pavement and applied force while he stated he could not breathe. (Ex. F 52:1–54:8; Ex. G 53:10–14).

¶14 – ADMITTED.

¶15 – ADMITTED IN PART AND DISPUTED IN PART. Plaintiff admits he sustained scrapes and bruises but disputes any implication that the injuries resulted from lawful or reasonable force. (Ex. F 52:1–54:8; Ex. G 53:10–14).

¶16 – DISPUTED. Plaintiff disputes that he continued to struggle after restraint and disputes the characterization of events inside the barracks as non-forceful. (Ex. G 55:18–56:21).

¶17 – DENIED. Plaintiff denies that only reasonable force was used; eyewitness testimony describes body-weight force while Plaintiff was prone and restrained. (Ex. F 52:1–54:8; Ex. G 53:10–14; Ex. G 55:18–56:21).

¶18 – ADMITTED.

¶19 – ADMITTED IN PART AND DISPUTED IN PART. Plaintiff does not dispute that Sergeant Timko was not present during the initial takedown, but disputes that Investigator Gould arrived only after the incident concluded. (Ex. G 82:17–83:7; Ex. H 131:3–132:8; Ex. F 51:10–52:4).

¶20 – DISPUTED. Plaintiff disputes that Wollman's communications to Gould were accurate to the extent they reflect claims of marijuana odor, commands, resistance, and reasonable force contradicted by eyewitness testimony. (Ex. F 44:1–46:18; Ex. F 49:18–54:8; Ex. G 49:21–53:14).

III.. ARGUMENT

A. Summary Judgment Standard

Summary judgment may be granted only if there is no genuine dispute as to any material fact.

Credibility determinations are for the jury.

B. Genuine Disputes Preclude Qualified Immunity

As detailed in Plaintiff's Rule 56.1 responses and in the line-item responses to the Declarations,

independent eyewitness testimony creates genuine disputes about (i) alleged marijuana odor, (ii)

whether commands were given before seizure, (iii) whether Plaintiff resisted, and (iv) the degree

of force used. (Ex. F 44:1–46:18; Ex. G 48:11–15; Ex. F 49:18–54:8; Ex. G 49:21–53:14).

Conflicting eyewitness testimony precludes qualified immunity at summary judgment.

C. Excessive Force and False Arrest Claims Must Proceed

The disputed facts summarized above—including testimony that officers seized Plaintiff without

pre-seizure commands and used body-weight force while he stated he could not breathe—are

material to both probable cause and reasonableness of force and must be resolved by a jury. (Ex.

F 49:18–54:8; Ex. G 53:10–14; Ex. G 55:18–56:21).

The record supports a finding of unconstitutional force.

D. Prosecution for Nearly 3 years on Charges Dismissed in the Plaintiffs Favor support

Malicious Prosecution Claims.

E. Timko's Declaration Cannot Support Summary Judgment

Contradicted supervisory declarations cannot resolve credibility disputes.

IV. CONCLUSION

Defendants' motion for summary judgment should be denied in its entirety.

STATEMENT OF MATERIAL FACTS IN DISPUTE

INTRODUCTION

Plaintiff Joseph Alan Brooks submits this Statement of Material Facts in Dispute pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1. The following facts are drawn directly from admissible evidence cited in Plaintiff's Rule 56.1 Response and Counterstatement of Additional Material Facts and identify genuine disputes that must be resolved by a jury.

MATERIAL FACTS IN DISPUTE

1. On July 26, 2019, Plaintiff went to the New York State Police Barracks in Somers, New York, seeking routine assistance related to parole travel documentation and did not engage in threatening, aggressive, or belligerent conduct prior to the officers' use of force.

2. Independent civilian eyewitnesses observed the encounter from start to finish and testified that Plaintiff remained calm and non-confrontational until officers initiated physical contact.

3. Before any physical seizure occurred, officers did not issue clear or repeated verbal commands instructing Plaintiff to exit his vehicle or warning that force would be used.

4. Plaintiff did not thrust his phone, strike, kick, or otherwise make physical contact with any officer prior to being seized.

5. Trooper Finnegan initiated physical contact with Plaintiff without provocation by striking or elbowing Plaintiff in the chest.

6. Plaintiff did not resist officers prior to or during the takedown. Any movement by Plaintiff occurred only after officers forcibly grabbed him.

7. Officers forcibly removed Plaintiff from the vehicle, slammed him to the pavement, and restrained him in a prone position.

8. While Plaintiff was prone and restrained, officers applied body-weight pressure to Plaintiff's back.

9. During the application of force, Plaintiff repeatedly stated that he could not breathe, yet officers did not immediately relieve pressure or modify their restraint.

10. No civilian eyewitness detected the odor of marijuana or observed Plaintiff using marijuana. Eyewitnesses testified that Plaintiff was smoking tobacco.

11. The alleged odor of marijuana asserted by Defendants is disputed and contradicted by sworn eyewitness testimony.

12. Sergeant Timko was not present during the initial seizure or takedown and relied exclusively on second-hand information when preparing reports and declarations relied upon by Defendants.

13. Investigator Gould was also not present during the initial seizure and relied on information provided by other officers rather than firsthand observation.

14. After Plaintiff was restrained, additional force was applied inside the police barracks, outside the view of the public.

15. No contemporaneous audio or video recording exists of Plaintiff's custodial treatment inside the barracks despite Plaintiff being restrained inside a police facility on Felony charges.

16. Plaintiff immediately accused officers of assault and complained of pain and breathing difficulty both at the scene and inside the barracks.

17. Defendants' accounts regarding Plaintiff's alleged resistance, marijuana odor, commands, and justification for force are contradicted by sworn civilian eyewitness testimony and deposition testimony.

18. Criminal charges arising from the incident were ultimately dismissed or resolved in Plaintiff's favor.

19. The disputed facts described above are material to the issues of probable cause, excessive force, false arrest, malicious prosecution, First Amendment retaliation, and qualified immunity.

CONCLUSION

Because these material facts are genuinely disputed and supported by admissible evidence, summary judgment is inappropriate and the issues must be resolved by a jury.

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 31, 2026, at

Strafford County, New Hampshire

Joseph A. Brooks, pro-se
1137 Meaderboro Rd.
Farmington, NH 03835
603-923-2793

nh_cherokee@yahoo.com