UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH A. BROOKS,

                    Plaintiff,

          - against-

STATE OF NEW YORK, et al.

                    Defendants.

Docket Number
22-CV-6283 (VB)

**DEFENDANTS' REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR
SUMMARY JUDGMENT**

LETITIA JAMES
Attorney General, State of New York
Attorney for Defendants
28 Liberty Street
New York, New York 10005
(212) 416-6185

JEB HARBEN
Assistant Attorney General
     of Counsel

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted by defendants, former New York State Police ("NYSP") Trooper Timothy Finnegan, and current NYSP Investigators James Wollman and Timothy Gould, in support of their Fed. R. Civ. P. 56 motion for summary judgment. Defendants seek summary judgment on the claims against them arising from Plaintiff's allegation that Plaintiff was falsely arrested and maliciously prosecuted stemming from events that took place on July 26, 2019, and that Defendants Finnegan and Wollman used excessive force on him that day. Summary judgment is proper because the undisputed facts in the evidentiary record support judgment in their favor as a matter of law and because they are entitled to qualified immunity.

## ARGUMENT

### I.     False Arrest/Malicious Prosecution

The evidentiary record demonstrates that Defendants Wollman and Finnegan had probable cause to believe that Plaintiff was in possession of marijuana which, at the time, was still a crime in New York, and thus there was probable cause to arrest. This is because Plaintiff's own discovery responses claim that 1.2 ounces of medical marijuana (which Plaintiff could not legally possess in New York at the time because he did not have a New York medical marijuana authorization) was seized and destroyed. Harben Decl., Exh. F at p. 6.  In addition, marijuana residue was found in Plaintiff's vehicle in an amount sufficient to be criminal at the time, Gould Decl. ¶¶ 9-10, Exh. B, further making it reasonable to believe that there was marijuana present in the car. And finally, Plaintiff's statements and actions at the time would have led a reasonable officer to believe Plaintiff was in possession of marijuana and intended to smoke it in his vehicle, which was parked at a New York State Police barracks. See Def. 56.1 at ¶¶ 12, 14 – 16, 18 – 26.

1

While Plaintiff may claim the direction to him to exit his vehicle was not "clear" (Opposition (ECF 97) at pp. 9 and 14), the audio evidence recorded by Plaintiff and submitted to the Court makes it clear that orders to exit the vehicle were given. Whether Plaintiff heard or understood them is not dispositive so long as Defendants reasonably believed that their lawful orders were being ignored, requiring them to take further action by physically removing Plaintiff from the vehicle. See Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014) (discussing clearly established law and objectively reasonable conduct in the context of qualified immunity).

Plaintiff's Opposition acknowledges that Defendant Gould, who prepared the relevant materials with respect to Plaintiff's arrest, was not present during the events in question that led to Plaintiff being charged. As previously argued (Def. Mem. at p. 7), since Defendant Gould was entitled to reasonably rely on statements made by his fellow officers, his actions were objectively reasonable, and did not violate clearly established law, thus his actions were not unconstitutional and he is also entitled to qualified immunity as to any claim regarding Plaintiff's arrest and prosecution. See Loria v. Gorman, 306 F.3d 1271, 1288 (2d Cir. 2002) (fellow officer rule).

## II.    Excessive Force/Assault/Failure to Intervene

As previously argued (Def. Mem. at pp. 7 – 9), given Plaintiff's non-compliance with reasonable requests that Plaintiff exit his vehicle, which have been recorded on audio (by Plaintiff) and provided to the Court (Harben Decl., Exhs. D and E), removing him was reasonable and not a gratuitous infliction of pain. As such, Defendants should also be entitled to qualified immunity as to this initial use of force as it was objectively reasonable and not violative of clearly established law. Gonzalez v. Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (citation omitted).

Plaintiff's Opposition does nothing to rebut Defendants' arguments that the force claimed by Plaintiff has no relation to the minor injuries that the evidence reflects Plaintiff sustained, and thus Plaintiff's claims are implausible. See, e.g., Jeffreys v. NYC, 426 F.3d 549, 551, 555 (2d Cir.

2

2005) (granting summary judgment where the force allegedly used could not have resulted in the claimed injuries).  Here, the evidentiary record shows minor injuries consistent with Defendants' version of events, permitting summary judgment here.

As for Defendant Gould, "failure to [intervene] must be under circumstances making it objectively unreasonable for [an officer] to believe that his fellow officers' conduct did not violate those rights." Ricciuti v. NYC Tr. Auth., 124 F.3d 123, 129 (2d Cir. 1997). As previously discussed (Def. Mem. at p. 4), Plaintiff provides no admissible evidence that Defendant Gould was present when he was allegedly subjected to excessive force, hence Defendant Gould could not have failed to intervene to prevent it. While Plaintiff's Opposition appears to infer that he disputes whether Defendant Gould was not present during any of the alleged excessive force, the statements therein are purely conclusory, and Plaintiff does not cite to any admissible evidence to support this position, nor do the deposition excerpts he cites to support this position.

Finally, Plaintiff's opposition does not contest that the statute of limitations for Plaintiff's assault claims (and any other intentional state law torts), including his claim that Defendant Finnegan elbowed him in passing, expired on March 12, 2021, one year from the incident (July 26, 2020), plus a 228-day tolling period pursuant to N.Y. Executive Order 202.8. See Allen v. Antel, 665 Fed. Appx. 9, 13 (2d Cir. 2016) (applying CPLR § 215(3) one-year statute of limitations). This action was filed on July 24, 2022, more than a year too late.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court grant summary judgment, dismissing the pleadings in their entirety with prejudice.

Dated: New York, New York
     April 16, 2026

Respectfully submitted,

LETITIA JAMES
Attorney General, State of New York
Attorney for Defendants

By:    */s/Jeb Harben* [1]
JEB HARBEN
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6185
jeb.harben@ag.ny.gov

JEB HARBEN
Assistant Attorney General
 of Counsel

---

[1] The undersigned certifies that the instant memorandum of law contains 1063 words based on the word count provided by the undersigned's word processing software.

4