UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSEPH A. BROOKS, Plaintiff, | : | |
| v. | : | **ORDER GRANTING PRO BONO COUNSEL** |
| STATE TROOPER TIMOTHY FINNEGAN, INVESTIGATOR TIMOTHY P. GOULD, AND INVESTIGATOR JAMES WOLLMAN, Defendants. | : | 22 CV 6283 (VB) |

For the following reasons, plaintiff's application for the Court to request an attorney to represent plaintiff (Doc. #101) is GRANTED. The Court directs that the Clerk of Court seek pro bono counsel to enter an appearance in the above-captioned action for all purposes, including potentially representing plaintiff at trial. Counsel will file a Notice of Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The in forma pauperis statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id. Even if a court does believe that a litigant should have a free lawyer, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order

to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989).

In Hodge v. Police Officers, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The court must then consider whether the litigant's claim "seems likely to be of substance." Id. at 61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id. at 61–62; see also Cooper v. A. Sargenti Co., Inc., 877 F.2d at 172. In considering these factors, district courts should not apply bright-line rules. See Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge v. Police Officers, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed in forma pauperis (IFP), which the Court granted. (Docs. ##1, 6). Plaintiff therefore qualifies as indigent. Plaintiff previously filed an application for the Court to request pro bono counsel (Doc. #4), which the Court denied without prejudice on September 29, 2022 (Doc. #9). On November 12, 2026, the Court granted in part and denied in part defendants' motion for summary judgment, allowing some of plaintiff's claims to proceed. (Doc. #100). In so holding, the Court provided plaintiff another opportunity to renew his application for the Court to request pro bono counsel. (Id. at 25–26). On November 13, 2026, plaintiff renewed his request for counsel. (Doc. #101).

Some of plaintiff's claims have survived defendants' motion for summary judgment. (Doc. #100). The Court has, therefore, already determined that plaintiff's remaining claims are "likely to be of substance." Hodge v. Police Officers, 802 F.2d at 61–62.

The Court also finds the other Hodge factors weigh in favor of granting plaintiff's application. This case presents nuanced issues of law, particularly as it concerns the existence of probable cause, qualified immunity, and the reasonableness of defendants' use of force. The complexity of the legal issues would make it difficult for plaintiff to present his case. In addition, should the case go to trial, conflicting accounts of the incident at issue—and, therefore, the parties' credibility as witnesses—will present issues of fact that implicate the need for cross-examination.

As a result, the Court now finds representation would "lead to a quicker and more just result." Hodge v. Police Officers, 802 F.2d at 61.

**CONCLUSION**

Plaintiff's application for the Court to request an attorney to represent plaintiff is GRANTED.

The Court directs the Pro Se Clerk to attempt to find an attorney willing to accept pro bono appointment in this case through trial. If an attorney volunteers, the attorney or the Court will contact plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case pro se.

On November 13, 2026, plaintiff requested that the case management conference scheduled for January 12, 2027, at 11:30 a.m., be rescheduled to a time later that day. (Doc. #101). That request is denied. If pro bono counsel has entered an appearance by January 12, 2027, pro bono counsel shall attend the conference in person, at the White Plains Courthouse, Courtroom 620. Plaintiff is not required to attend, although he is welcome to attend. If pro bono

counsel has not entered an appearance by January 12, 2027, the Court will adjourn the conference. Accordingly, at this time, the Court need not move the conference to a time later that day.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: November 16, 2026
White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge